UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS L. HABEL, DAVID W. HERCZEG,
KENNETH G. MEERSCHAERT, SR., and
GEOFFREY E. SMITH,

            Plaintiffs,

v.

Case No. 04-60160
HON. MARIANNE O. BATTANI

MACOMB TOWNSHIP, JOHN D. BRENNAN,
MICHAEL D. KOEHS, and RAYMOND A.
AHONEN,

           Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION FOR REHEARING OR RECONSIDERATION

Before the Court is Defendants Macomb Township, John D. Brennan, Raymond A. Ahonen, and Michael D. Koehs' Motion for Reconsideration (Doc. No. 64). In accordance with E. D. Mich. LR 7.1(2)(2), the Court finds oral argument will not aid in the resolution of this motion. For the reasons that follow, Defendants' motion is **DENIED**.

### I. BACKGROUND

Plaintiff Kenneth G. Meerschaert is a former firefighter for the Macomb Township Fire Department. He alleges that Defendants Macomb Township, Brennan, the Macomb Township Supervisor, Ahonen, the Chief of the Macomb Township Fire Department, and Michael D. Koehs, the Clerk of Macomb Township, violated his First Amendment rights and interfered with advantageous business relations.

On March 1, 2006, the Court issued its Order, which granted in part and denied in part the individual Defendants' Motion for Partial Summary Judgment.  In their timely filed Motion for Reconsideration, Defendants assert that the Court erred in denying Ahonen and Koehs summary judgment on Meerschaert's state law claim.

**II.  STANDARD**

Pursuant to Rule 7.1(g)(3) of the Local Rules for the Eastern District of Michigan, a motion for rehearing or reconsideration may be filed within ten days after the entry of the decision to which it objects.  In order to prevail, the movant must demonstrate (1) the Court and the parties have been misled by a palpable defect, and (2) the correction of that defect will result in a different disposition of the case.  L.R. 7.1(g)(3).  A "palpable defect" is an error which is obvious, clear, unmistakable, manifest or plain.  Fleck v. Titan Tire Corp., 177 F.Supp.2d 605, 624 (E. D. Mich. 2001); Marketing Displays, Inc. v. Traffix Devices, Inc., 971 F. Supp. 262, 278 (E. D. Mich. 1997) (citation omitted).

**III.  ANALYSIS**

In their request for summary judgment on the state law claim, Ahonen and Koehs argued that they were entitled to governmental immunity.  The Court disagreed.  The basis for the request for reconsideration is that the Court inaccurately represented that Defendants admitted to one of the elements Meerschaert was required to prove to succeed on his interference with advantageous business relations claim.  The elements of the claim include the following:  "the existence of a valid business relation (not necessarily evidenced by an enforceable contract) or expectancy; knowledge of the relationship or expectancy on the part of the interferer; an intentional interference

inducing or causing a breach or termination of the relationship or expectancy; and resultant damage to the party whose relationship or expectancy has been disrupted." Winiemko v. Valenti, 513 N.W.2d 181, 184 (1994). In addressing the merits of the arguments raised, the Court noted that Defendants "admit[ted] that they advised [Plaintiff's] prospective employer that the Township would not engage the company's services if Meerschaert was employed by them." Opinion and Order at 26. A more accurate representation of the record and pleadings would have reflected that, for purposes of the motion, Defendants did not contest Plaintiff's allegation.

The Court's imprecise characterization of Defendants' position does not, however, entitle them to the relief they now request. To meet the governing standard, Defendants must establish that the Court has been misled by a palpable defect, which, if corrected, would result in a different disposition of the case. In their dispositive motion, Defendants never advanced an argument based on the sufficiency of Plaintiff's evidence supporting his state law claim. Instead, Defendants requested summary judgment on the ground that their actions were justified; and, therefore, Ahonen and Koehs were entitled to governmental immunity under Michigan law.

A motion for reconsideration is not a vehicle by which Defendants may raise arguments they neglected to advance on summary judgment. Sault St. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 373 (6th Cir.1998) (observing that motions under Fed.R.Civ.P. 59(e) "are aimed at reconsideration, not initial consideration") (citation omitted). Consequently, Defendants cannot now raise a hearsay challenge to contest the sufficiency of the evidence supporting Meerschaert's intentional tort claim.

### IV.  CONCLUSION

For the reasons stated above, Defendants' Motion for Reconsideration is **DENIED**.

**IT IS SO ORDERED.**

                                             s/Marianne O. Battani
                                             MARIANNE O. BATTANI
                                       UNITED STATES DISTRICT JUDGE

### CERTIFICATE OF SERVICE

Copies of this Order were mailed to Gene Bolanowski and Ken Lewis on this date by ordinary mail and/or electronic filing.

                                             s/Bernadette Thebolt
                                                 DEPUTY CLERK